UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GABRIEL NADEL,
individually and on behalf of a class

        Case No.

    Plaintiff,

**COMPLAINT-
CLASS ACTION**

   v.

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP;
UNIFUND CCR, LLC; and THOMAS A. DREDGER, JR

    Defendant.
-------------------------------------------------------X

## INTRODUCTION

1.    Plaintiff brings this class action to secure redress from unlawful credit and collection practices engaged in by defendants Mullooly, Jeffrey, Rooney & Flynn LLP ("Mullooly"), Unifund CCR, LLC (Unifund) and Thomas A. Dredger, Jr. ("Dredger"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA's Section entitled "Congressional findings and declaration of purpose" states:

(a) Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.    Venue and personal jurisdiction in this District are proper because

Mullooly resides within this district and the other defendants do business within this jurisdiction.

## PARTIES

5. Mullooly has an address of 6851 Jericho Turnpike in Syosset, New York, 11791.

6. Unifund has an address for service of c/o Corporation Service Company at 80 State Street in Albany, NY 12207.

7. Thomas A. Dredger, Jr. is an attorney at Mullooly.

8. Plaintiff is a resident of the state of New York and as it relates to this action is a "consumer" as defined by the FDCPA.

## FACTS

9. On or about April 20, 2015, Mullooly sent its initial written notice regarding an alleged debt owed to Unifund to plaintiff containing the Validation Notice required by 15 USC § 1692g. See **Exhibit A**.

10. On May 1, 2015, Plaintiff disputed the debt by letter sent via certified mail. See **Exhibit B**.

11. Mullooly did not provide verification of the debt to plaintiff.

12. Instead, on June 30, 2015, a summons and complaint was filed against plaintiff which was signed by Dredger on behalf of Mullooly and made allegations which the dispute letter specifically disputed.

13. As of the date of the filing of this Complaint, Mullooly has not provided Plaintiff with verification of the debt.

14. It is apparent based on the facts above that neither Plaintiff's account file

nor any of the underlying paperwork allegedly giving rise to Plaintiff's debt was reviewed prior to Defendants filing the summons and complaint.

15. Upon information and belief, Mullooly and Dredger's failure to review Plaintiff's account status prior to suing him, far from an anomaly, is part of the business plan developed by Mullooly and Dredger, who have found that meaningfully reviewing accounts and validating accounts that are disputed is not as profitable as ignoring dispute notices and not reviewing plaintiff's file, because the overwhelming majority of consumers who are sued are unsophisticated *pro se* litigants who are, as a practical matter, incapable of meaningfully challenging lawsuits.

16. In light of the foregoing, Plaintiff perceived, as would the least sophisticated consumer, that the lawsuit was in fact the work product of a licensed attorney -- after all, it purports to be personally signed in numerous places by a licensed attorney.

17. The FDCPA imposes upon attorneys a duty of reasonable inquiry when an attorney is signing any debt collection communication, including all legal documents that are sent to a consumer in connection with an attempt to collect a debt. This means that, *inter alia*, prior to signing, filing or issuing any legal document, the signing attorney must be licensed to practice law and must conduct a complete review of the entire file maintained by the creditor and be familiar with the policies and procedures of that creditor for maintaining its file and related documents.

18. The FDCPA imposes upon defendants the duty to "cease collection" when a debt is disputed. Only after verification is sent in response to a dispute may collection of the debt resume.

19. Plaintiff is informed and believes, and on that basis alleges, that the

lawsuit filed against plaintiff was neither caused by nor was the result of any meaningful review or involvement by a New York licensed attorney.

20. Upon information and belief, the Defendants' business strategy is to have non-attorney, hourly wage, employees prepare hundreds of lawsuits, in an over-burdened state court system, in the hope that they can use the lawsuits as leverage to extract payment from consumers.

21. Upon information and belief, the Defendants' business strategy is to ignore dispute letters because they are unable to provide the requested information in the dispute letters and then file a lawsuit in the hope that they can use the lawsuits as leverage to extract payment from consumers.

22. On information and belief, the Defendants' collect millions of dollars each year by utilizing this deceptive and violative business strategy.

23. In short, the Defendants go about filing lawsuits with nothing more than boilerplate, computer-generated, documents that are mass-produced by Defendants' non-attorney debt collectors who are paid minimal hourly wages, which documents are then "robo-signed" by Dredger who has not performed any meaningful review of the consumer's file prior to signing.

24. Defendants' conduct violates 15 U.S.C. §§1692 and 1692d, e, f or g.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of 2 classes, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

26. The first class consists of all persons whom Thomas A. Dredger, Jr. as an attorney for Mullooly, Jeffrey, Rooney & Flynn representing Unifund CCR, LLC commenced a lawsuit against as a result of a debt that arose from a consumer transaction on or after a date one year prior to the filing of this complaint.

27. The second class consists of all person who have disputed their Unifund debt and validation was not provided before a lawsuit was commenced against them by Thomas A. Dredger, Jr. acting for Mullooly, Jeffrey, Rooney & Flynn regarding their Unifund debt that they had disputed

28. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

29. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the Defendants' conduct violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

32. A class action is superior for the fair and efficient adjudication of this matter, in that:

(a) Individual actions are not economically feasible;

(b) Members of the class are likely to be unaware of their rights;

(c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: July 13, 2015

**The Plaintiff**

By:_____/s/ Shimshon Wexler___

The Law Offices of Shimshon Wexler, PC
216 West 104th St. #129
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com
*Attorney for Plaintiff*

# **EXHIBIT A**

Law Office

**MULLOOLY, JEFFREY, ROONEY & FLYNN LLP**
6851 JERICHO TPKE SUITE 220
PO BOX 9036
SYOSSET, NEW YORK 11791-9036
Tel 516-655-5300
Toll Free 888-762-6573

April 20, 2015

GABRIEL NADEL
320 WADSWORTH AVE APT 3L
NEW YORK, NY 10040

RE: UNIFUND CCR LLC
AS ASSIGNEE OF CITIBANK N.A.
and   GABRIEL NADEL

MJRF FILE #: 01176231
ACCT# ENDING IN: 4416

Dear GABRIEL NADEL

The above creditor has turned over to us for collection your account in the sum of $10,758.79.

**VALIDATION NOTICE**

The amount shown above is the amount owed to the Creditor. Unless you notify us within thirty days after receipt of this notice that the validity of this debt, or any portion of it is disputed, we will assume that the debt is valid. If within thirty days of your receipt of this notice you notify us in writing that the debt or any portion thereof is disputed we will obtain a verification of the debt or if the debt is founded upon a judgment, we will obtain a copy of the judgment and we will mail to you a copy of such verification or such judgment. Also, upon your written request within thirty days of the receipt of this notice, we will provide you with the name and address of the original creditor if different from the current creditor.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

If you wish to pay this claim, then contact our office or visit https://payment.mjrf.com

Please feel free to contact this office in regard to this matter.

Very truly yours,

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP

Refer to:
J. KENNEDY - (516) 656-5312
Collection Manager

0005UN   D4

# **EXHIBIT B**

Gabriel Nadel
320 Wadsworth Ave, Apt 3L
New York, NY
10040

**CERTIFICATE OF MAILING**

Unifund CCR LLC
as assignee of Citibank N.A. and Gabriel Nadel
via: Mullooly, Jeffrey, Rooney, and Flynn LLP
6851 Jericho Tpke - Suite 220
PO Box 9036
Syosset, NY 11791-9036

Re: MJRF #: 01176231   Acc # ending in: 4416

Dear Sir/Madam:

I am disputing the above-referenced debt. Please verify this debt as required by the Fair Debt Collection Practices Act (FDCPA) (section 1692g) and New York City Administrative Code (section 20-493.2). New York City regulations require all debt collectors to send specific written documentation verifying the debt. Under section 2-190 of the Rules of the City of New York, verification requires all of the following:

- Proof of my agreement to pay the original creditor;
- A copy of the final account statement issued by the original creditor;
- A breakdown of the total amount due, showing principal, interest, and other charges; and
- For all other charges, the date of and basis for each charge.

I dispute this debt because I do not recognize this debt.

Because I am disputing this debt, you should not report it to the credit reporting agencies. If you have already reported it, please notify the credit reporting agencies that the debt is disputed and/or delete the tradeline from my credit report. Reporting information that you know to be inaccurate, or failing to report information correctly, violates the FDCPA and the Fair Credit Reporting Act.

Aside from verifying the debt, do not contact me about this debt. The FDCPA and Rules of the City of New York (section 5-77) require that you honor this request. Thank you.

Sincerely,

Gabriel Nadel

cc: Consumer Financial Protection Bureau
New York City Department of Consumer Affairs